FILED

2011 Nov-10  PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | | |
|---|---|---|
| **WENDY HUTCHINS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **CV-11-BE-3686-S** |
| **LISTER HEALTHCARE** | ] | |
| **CORPORATION,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

This matter is before the court on "Defendant Lister Healthcare Corporation's Motion to Dismiss Plaintiff's Claim under Alabama Code Section 21-7-1" (doc. 4) and Plaintiff's "Motion to Amend Complaint" (doc. 6).

Plaintiff Hutchins filed her Complaint in Shelby County Circuit Court asserting ADA and FMLA violations as well as a "STATE CLAIM UNDER 21-7-1," apparently citing Alabama Code Section 21-7-1.  (Doc. 1-1).  Defendant removed the case to federal court and then filed a motion to dismiss the state claim, arguing that Alabama Code Section 21-7-1 does not create a private right of action. This court entered an Order to Show Cause why the motion should not be granted.  (Doc. 5).  Plaintiff responded (doc. 7) to the Order by disagreeing that Section 21-7-1 would not support a private right of action, and filing a motion to amend (doc. 6) its claim under Section 21-7-1.

For the reasons stated in this Memorandum Opinion, the court finds that the motion to dismiss is due to be GRANTED and the motion to amend is due to be DENIED.

1

<u>Motion to Dismiss</u>

Defendant requests that this court dismiss the state claim brought under Alabama Code Section 21-7-1.  That section provides as follows:

> It is the policy of this state to encourage and enable the blind, the visually handicapped and the otherwise physically disabled to participate fully in the social and economic life of the state and to engage in remunerative employment.

As Defendant points out, only one case has addressed whether the Alabama Code sections that address rights of the disabled, Sections 21-7-1 through 9, create a private right of action: *Hardesty v. CPRM Corp.,* 391 F. Supp. 2d 1067, 1071 (M.D. Ala. 2005).   Although the *Hardesty* plaintiffs initially alleged violations of Alabama Code Sections 21-7-1 through 9, after defendants questioned whether private rights existed under those sections, the plaintiffs only persisted in arguing that they could recover civil damages for violations of Sections 21-7-3 through 5.  In addressing those sections, the court cited *Martinson v. Cagle*, 454 So. 2d 1383 (Ala. 1984) for the holding that a plaintiff does not automatically state a cause of action by merely alleging that defendant violated a statute resulting in damage to plaintiff.  As the district court noted, the Alabama Supreme Court determined in *Martinson* that a plaintiff states a cause of action "only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted."  *Hardesty,* 391 F. Supp. 2d 1071 (quoting Martinson, 454 So. 2d at 1385).  In *Hardesty,* the district court found that "the language of the Alabama Code does not create a private right of action under these sections, nor has any court found a civil action to exist pursuant to these sections."  391 F. Supp. 2d at 1071.

This court finds that Section 21-7-1's broad language declaring a state policy encouraging disabled persons to participate in the economic and social life of the state does not create a private right of action for persons such as the Plaintiff in the instant case.  Plaintiff has pointed this court to no case finding that it does, and this court is aware of none.  The court does not accept Plaintiff's position that a well-pled complaint may create a cause of action under Section 21-7-1.  Therefore, the court finds that the motion the dismiss the claim brought pursuant to Section 21-7-1 is due to be GRANTED.

Motion to Amend

In her motion to amend, the Plaintiff requests that this court allow her to amend the claim brought under Section 21-7-1.  Plaintiff's motion purports to attach the proposed amended complaint, but she failed to do so. However, the motion indicates that the amended claim would still be brought under Section 21-7-1.

The court recognizes "[o]rdinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).  Yet, a district court may properly deny leave to amend under Rule 15(a) if an amendment "would be futile." *Id.*

In this case, the court has already determined that Section 21-7-1 does not create a private right of action, and Plaintiff's motion indicates that the proposed amendment continues to bring a claim under that section.  Therefore, the court finds that the motion to amend is due to

3

be DENIED, as any amendment brought under Section 21-7-1 would be futile.

Dated this 10th day of November, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE